AMENDED DLD-023                                            **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2294
_____

WILLIAM PLUMMER,
Appellant

v.

DR. ANDREW J. DANCHA, Regional Medical Director - Well Path; DR. JAY
COWAN, Medical Director at all Penn. D.O.C. Facilities; DR. HOCKENBURG,
Physician at SCI Coal Township; JAMIE LARKIN, Health Services Administrator;
CHERYL HOFFMAN
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:23-cv-00892)
District Judge:  Honorable Jennifer P. Wilson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 31, 2024
Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: July 16, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

William Plummer, a Pennsylvania state prisoner proceeding pro se and in forma pauperis, appeals from the District Court's order denying his preliminary injunction motion.[1]  Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

Plummer filed a pro se complaint against prison officials and medical staff.  In his second amended complaint, he alleged that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment by failing to treat his back and spine condition adequately.  Among other allegations, Plummer claimed that the prison medical directors denied Plummer's treating physician's request that he see an orthopedic surgeon.  Plummer sought damages, declaratory judgment, and injunctive relief, including that the court order the defendants to send Plummer to an orthopedic surgeon.  Meanwhile, both parties submitted Plummer's medical records, which show that after being denied the surgical consult, Plummer visited with a rheumatologist and a neurologist, underwent testing and imaging, and attended physical therapy.

Plummer moved for preliminary injunctive relief seeking an order that he "see an Orthopedic Surgeon to receive needed/necessary surgery as requested by Dr. Benjimin Robinson on 7/26/2022."  Plummer alleged that he would suffer irreparable harm

---

[1] After receiving a Suggestion of Bankruptcy from the Appellees, this Court stayed the appeal pursuant to 11 U.S.C. § 362.  The Appellees have since submitted a status report advising that "the automatic stay is no longer applicable to this matter and the stay can be lifted."  Accordingly, this Court's stay issued on March 18, 2025, is lifted.

because, without surgery, he might never be able to walk without mobility aids. In support, Plummer attached 1) his sworn affidavit describing his visit with the physician who recommended that he see an orthopedic surgeon, 2) one page of a medical note from Plummer's physician who stated that he would request an orthopedic surgeon consultation, and 3) a medical evaluation report from a rheumatologist recommending nerve conduction testing and indicating that Plummer's difficulty walking and standing had worsened over the past few years.[2]

The District Court denied the motion. It concluded that Plummer failed to demonstrate a likelihood of success on his underlying Eighth Amendment claim. Plummer appealed.

## II.

We have jurisdiction under 28 U.S.C. § 1292(a)(1). "We review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004) (internal quotations omitted). We may affirm for any reason supported by the record. TD Bank N.A. v. Hill, 928 F.3d 259, 270 (3d Cir. 2019). "A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To determine whether to grant or deny a preliminary injunction, the court considers whether the moving party would likely

---

[2] After Plummer filed the preliminary injunction motion, the Court allowed Plummer to file a third amended complaint, which added a new defendant.

3

succeed on the merits, whether the moving party would suffer irreparable harm without injunctive relief, whether granting the injunction will cause greater harm to the nonmoving party, and whether the injunction serves the public interest. Holland v. Rosen, 895 F.3d 272, 285-86 (3d Cir. 2018). The moving party bears the burden of persuasion, and the court may not grant the motion unless the movant satisfies the first two factors. Id.

Irreparable harm is harm that "cannot be redressed by a legal or an equitable remedy following a trial." Instant Air Freight Co. v. C.F. Air Freight, Inc., 882 F.2d 797, 801 (3d Cir. 1989). The harm must be immediate and not speculative. See Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992); Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000). And when, as here, the moving party seeks a mandatory injunction, the "right to relief must be indisputably clear." See Trinity Indus., Inc. v. Chi. Bridge & Iron Co., 735 F.3d 131, 139 (3d Cir. 2013) (quoting Communist Party of Ind. V. Whitcomb, 409 U.S. 1235, 1235 (1972)); see also Bennington Foods LLC v. St. Croix Renaissance, Grp., LLP, 528 F.3d 176, 179 (3d Cir. 2008) ("[W]here the relief ordered by the preliminary injunction is mandatory and will alter the status quo, the party seeking the injunction must meet a higher standard of showing irreparable harm in the absence of an injunction.").

We agree with the District Court that Plummer did not meet the standard for preliminary injunctive relief. In his preliminary injunction motion, Plummer effectively asked the District Court to direct the defendants to provide specific medical treatment.

4

But he provided no support for his assertion that failure to undergo surgery immediately would prevent him from walking independently. See Campbell Soup Co., 977 F.2d at 91; Adams, 204 F.3d at 488. And there appears to be professional disagreement about whether treatment by an orthopedic surgeon is the proper course of action. Moreover, as the District Court concluded, we cannot say, based on the current record, that Plummer is likely to succeed on the merits. See White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) ("[M]ere disagreements over medical judgment do not state Eighth Amendment claims.").

Accordingly, we will summarily affirm the District Court's judgment.[3]

---

[3] Appellant's motion to supplement his brief in support of appeal is granted, and his supplemental filing has been considered by the Court.